Bizework GONFA; Melat Dawit; Kidus Dawit, Petitioners,

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71794.
Agency Nos. A72–390–089, A70–660–872, A70–660–873.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided May 25, 2005.

Carmen M. Chavez, San Diego, CA, for Petitioners.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey A. Clair, U.S. Department of Justice, Washington, DC, for Respondent.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM\*\*

Bizework Gonfa, a citizen of Ethiopia, petitions for review of the Board of Immi-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publi-

gration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of her applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). Gonfa also petitions for review of the BIA's denial of her motion to reopen proceedings so that she may present new evidence. We deny the petition as to the asylum and withholding of removal claims, and we do not have jurisdiction to consider Gonfa's CAT claim. We also deny Gonfa's motion to reopen in light of new evidence.

## I

■ The IJ's adverse credibility finding was supported by substantial evidence. There are a number of discrepancies in Gonfa's application that supports the IJ's finding. Primarily, Gonfa conceded that she initially consciously misrepresented the length of her husband's tenure in prison, which is information that she understood to be material and central to her initial asylum claim. Also supporting the IJ's adverse credibility finding were Gonfa's unpersuasive account of the rapes, her misrepresentations to an INS officer upon arrival in the United States, her misrepresentations about her contact with her first immigration attorney, and the IJ's observations of Gonfa's in-court demeanor. Failing to mention a rape in an earlier asylum interview will not, of itself, support an adverse credibility determination, *see Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir.2004), but in this case there are other inconsistencies in her account that support the IJ's determination that the rape claims are not credible. Thus, substantial evidence supports the IJ's adverse credibility finding, and Gonfa fails to qualify for asylum and withholding of removal. *See Gha-*

*ly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995) ("By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard of withholding of removal.").

■ Gonfa has also petitioned this court for review of her CAT claim. We have no jurisdiction to entertain this claim because Gonfa did not raise it on appeal before the BIA. *Cf. Zhang v. Ashcroft*, 388 F.3d 713 (9th Cir.2004) (noting that a petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust administrative remedies, depriving this court of jurisdiction). In Gonfa's notice to appeal to the BIA, there is no mention of the CAT claim, and, in her brief supporting her appeal, she does not explicitly request that the BIA reverse the IJ's denial of CAT relief. The BIA does not address Gonfa's CAT claim in its opinion affirming the IJ.

## II

■ We affirm the BIA's denial of Gonfa's motion to reopen. Gonfa argues that her motion to reopen is appropriate because she has new, material evidence to present in support of her petition. Motions to reopen should be granted when they are based on "new" evidence where "the new evidence is qualitatively different from the evidence presented at his asylum hearing." *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004); *see also* 8 C.F.R. § 1003.2(c)(1) (2005) (defining new evidence as evidence that was not available at the time of the former hearing). Here, Gonfa presents affidavits, pictures, and a newspaper clipping in support of her motion to reopen. While arguably material, this additional evidence is not new be-

cation and may not be cited to or by the courts of this circuit except as provided by

Ninth Circuit Rule 36–3.

cause, with the exception of the May 2000 copy of the *Ethiopian Herald*, it all was available at the time of her 1999 hearing before the IJ. Because most of this additional evidence was previously available, and because the *Ethiopian Herald* evidence does not substantially change the nature of Gonfa's evidentiary case, the BIA properly denied Gonfa's motion to reopen.

**PETITION FOR REVIEW DENIED.**